# EXHIBIT A
# To Faso Declaration

ROYAL CARIBBEAN CRUISES LTD
1050 CARIBBEAN WAY
MIAMI FL 33132
305/539-6000

Sign On Employment Agreement   * A *

Page 1 of 3

| | | | | |
|---|---|---|---|---|
| Name: JOHNSON, FITZROY LLOYD | USC/USR: N/A | Dept: 486 | Empl ID: | 67113 |
| Marital Status: S   Sex: M   Birthdate: 06/13/61 | | | Crew ID: | |
| Nationality: JAM Jamaica | Social Security: N/A | | | |

Address (home) ...... FAIRY HILL, PO

City, State, Zip .... PORTLAND
Nation ........... JM   Jamaica
Telephone (home) .... (876)   8769938601

Ship: ENCHANTMENT OF THE SEAS   Voyage #: 16768   Airport of Origin: KINGSTON, JAMAICA

Permanent Job Code:   CA   STATEROOM ATTENDANT

Monthly Total Guaranteed Pay including Guaranteed Overtime:   1,050.00

Portion of monthly basic pay payable by the Company:   50.00

Monthly Vacation Pay:   0.00

Hourly Overtime Rate:   4.22

Allotment:   0.00

CBA Daily Sick Wage Rate:   16.22

Other than the   50.00   per month of the basic monthly pay to be paid by the Company, the monthly guaranteed pay is inclusive of all gratuities and service fees provided by passengers. The Company will recommend that passengers pay gratuities or will assess a service fee upon passengers.

In recognition that other employees often assist in the performance of services, any gratuities/service fees paid to the Hotel employee by passengers, or collected by the company from the passengers, shall be shared with such other employees who assist with the service. The company shall determine the gratuity sharing guidelines at its sole discretion. Gratuity/service fee sharing will be published and available to the employees in the HR Center. The company shall also set guidelines for the timing of gratuity/service fee payments to employees at its sole discretion. These guidelines will also be available for review upon request in the HR Center.

First Date of Hire:   10/31/82
Sign-On Date:   10/03/09   Projected Sign-Off Date:   05/01/10
Effective Payroll Date:   10/03/09

Remark:

I understand and accept that the employer may terminate this agreement with or without cause provided 7 days notice is given or 7 days pay in lieu of notice. I further understand and agree that the Collective Bargaining Agreement between the Company and the Union is incorporated into and made part of this Employment Agreement and that I and the Company are bound by its terms and conditions. I accept the position on the ship indicated above for the date shown. I understand that if I fail to show up to join the ship on the date shown above that I waive the right to work for the Company and any of its subsidiaries at any time in the future.

I acknowledge having received copies of (1) the Collective Bargaining Agreement referred to above effective on the date of this Employment Agreement and (2) the Employee Handbook.

Name: JOHNSON, FITZROY LLOYD

Page 2 of 3

Empl ID:   67113

IMPORTANT WARNING:

The Company's rules and regulations concerning crew conduct are maintained in the Crew Conduct Policy and in other shipboard rules and regulations. Seafarers must comply with all ship rules and regulations, whether verbal or written, at all times. While all Company rules and regulations are important and must be followed, the Company is providing an excerpt of the Crew Conduct Policy concerning sexual misconduct in this agreement.

Criminal penalties for alleged sexual misconduct can lead to many years in prison. All crew members must understand that the company has a zero tolerance to any form of sexual contact between crew members and guests, on or off the ship, at anytime during the guest's cruise vacation. Any such sexual contact will subject the crew member to immediate termination without warning.

As part of this policy the company shall also:

1. Report all alleged sexual assaults to law enforcement for investigation and prosecution, including those allegations where a victim consented to the sexual encounter, but later claimed the activity was not consensual.

2. Cooperate fully with law enforcement or other government officials in the criminal investigation and prosecution of all such incidents to the fullest extent of the law regardless of where in the world the ship is located.

3. Respond to inquiries from any future prospective employer that any crew member terminated for violating this policy, even without criminal charges, is not eligible for rehire. Crew members therefore must understand that, because job opportunities in the cruise industry are limited, sexual contact with any guest in violation of company policy will have the likely practical effect of making the crew member ineligible to work for other cruise line employers.

Every crew member to whom this policy applies consents to and hereby agrees to be fully bound by these provisions.

ARBITRATION: If not resolved by the Union, Owners/Company, and/or the Seafarer, all grievances and any other dispute whatsoever, whether in contract, regulatory, tort or otherwise, including constitutional, statutory, common law, admiralty, intentional tort and equitable claims, relating to or in any way connected with the seafarer's service for the Owners/Company, including but not limited to claims for personal injury or death, no matter how described, pleaded or styled, and whether asserted against the Owners/Company, Master, Employer, Ship Owner, vessel or vessel operator, shall be referred to and resolved exclusively by binding arbitration pursuant to the United Nations Conventions on Recognition and Enforcement of Foreign Arbitral Awards(New York 1958), 21 U.S.T. 2517, 330 U.N.T.S. ("The Convention"), except as otherwise provided in any government mandated contract, such as the Standard POEA Contract for Philippine Seafarers. All disputes must be presented within three years from the date of the occurrence giving rise to the dispute or it will not be recognized and will be time-barred.

Any arbitration shall take place in the Seafarer's country of citizenship or the ship's flag state, in the parties' discretion, unless arbitration is unavailable under the Convention in those countries, in which case only said arbitration shall take place in Miami, Florida. The language of any arbitral proceedings shall be English. Any arbitration shall be administered by the American Arbitration Association under its International Dispute Resolution Procedures.

Name:  JOHNSON, FITZROY LLOYD

Page 3 of 3

Empl ID:    67113

The Union shall appoint one arbitrator, the Owners/Company shall appoint one arbitrator and a third arbitrator shall to be jointly appointed by the Union and the Owners/Company. However, the Owners/Company and the Union, in their discretion, may jointly select a single arbitrator. The parties shall have the right in any arbitration to conduct limited examinations under oath of parties and witnesses, and medical examination necessary to verify any injuries or damages claimed. The Owners/Company, the Unions, and the Seafarer also acknowledge that they voluntarily and knowingly waive any right they have to a jury trial. The arbitration referred to in this Article is exclusive and mandatory. Claims and lawsuits may not be brought by any Seafarer or party hereto, except to enforce arbitration or a decision of the arbitrator.

The Owners/Company shall bear the costs related to the arbitration process from beginning to end including, but not limited to, fees charged and expenses incurred by arbitrators, and any costs related to proceedings brought by the Union necessary to enforce a decision. The Union and the Owners/Company shall bear the costs of their own attorney fees and legal representation. If the Seafarer retains counsel and files suit in contravention of this Article, or rejects the representation appointed by the Union at arbitration or thereafter, then he or she will cover the cost of his or her legal representation, if any. If the Seafarer is not represented by the Union, then the arbitrator shall seek the Union's opinion as to the interpretation of this agreement before making a decision.

Employee Signature _____Fay JK_____ Date 10 2 09

Human Resources Witness _____ Date 10/01/09

HR - Printed Name _____ JDE ID# _____

Distribution - Original signed copy Human Resources, copy Employee, copy Ship

ROYAL CARIBBEAN CRUISES LTD
1050 CARIBBEAN WAY
MIAMI FL 33132
305/539-6000

Sign On Employment Agreement   "A"

Page 1 of 3

| | | |
|---|---|---|
| Name: HUGHES, GREGORY | USC/USR: N/A   Dept: 486 | Empl ID: 66410 |
| Marital Status: M   Sex: M   Birthdate: 05/14/69 | | Crew ID: ____ |
| Nationality: CRI   Costa Rica | Social Security: N/A | |

Address (home) ...... BARRIO SAN MARTIN, SIQUIRRES

City, State, Zip .... LIMON SAN JOSE
Nation .......... CR   Costa Rica
Telephone (home) .... (506)   766707

Ship: JEWEL OF THE SEAS          Voyage #: 26199      Airport of Origin: SAN JOSE, COSTA RICA

---

Permanent Job Code:   CA   STATEROOM ATTENDANT

Monthly Total Guaranteed Pay Including Guaranteed Overtime:   1,050.00

Portion of monthly basic pay payable by the Company:   50.00

Monthly Vacation Pay:   .00

Hourly Overtime Rate:   4.22

Allotment:   .00

CBA Daily Sick Wage Rate:   18.22

Other than the   50.00   per month of the basic monthly pay to be paid by the Company, the monthly guaranteed pay is inclusive of all gratuities and service fees provided by passengers. The Company will recommend that passengers pay gratuities or will assess a service fee upon passengers.

First Date of Hire:   12/17/88
Sign-On Date:   10/28/08      Projected Sign-Off Date:   04/28/09
Effective Payroll Date:   10/28/08

Remark:

I understand and accept that the employer may terminate this agreement with or without cause provided 7 days notice is given or 7 days pay in lieu of notice. I further understand and agree that the Collective Bargaining Agreement between the Company and the Union is incorporated into and made part of this Employment Agreement and that I and the Company are bound by its terms and conditions. I accept the position on the ship indicated above for the date shown. I understand that if I fail to show up to join the ship on the date shown above that I waive the right to work for the Company and any of its subsidiaries at any time in the future.

I acknowledge having received copies of (1) the Collective Bargaining Agreement referred to above effective on the date of this Employment Agreement and (2) the Employee Handbook.

IMPORTANT WARNING:

The Company's rules and regulations concerning crew conduct are maintained in the Crew Conduct Policy and in other shipboard rules and regulations. Seafarers must comply with all ship rules and regulations, whether verbal or written, at all times. While all Company rules and regulations are important and must be followed, the Company is providing an excerpt of the Crew Conduct Policy concerning sexual misconduct in this agreement.

Name: HUGHES, GREGORY

Page 2 of 3

Empl ID: 66410

Criminal penalties for alleged sexual misconduct can lead to many years in prison. All crew members must understand that the company has a zero tolerance to any form of sexual contact between crew members and guests, on or off the ship, at anytime during the guest's cruise vacation. Any such sexual contact will subject the crew member to immediate termination without warning.

As part of this policy the company shall also:

1. Report all alleged sexual assaults to law enforcement for investigation and prosecution, including those allegations where a victim consented to the sexual encounter, but later claimed the activity was not consensual.

2. Cooperate fully with law enforcement or other government officials in the criminal investigation and prosecution of all such incidents to the fullest extent of the law regardless of where in the world the ship is located.

3. Respond to inquiries from any future prospective employer that any crew member terminated for violating this policy, even without criminal charges, is not eligible for rehire. Crew members therefore must understand that, because job opportunities in the cruise industry are limited, sexual contact with any guest in violation of company policy will have the likely practical effect of making the crew member ineligible to work for other cruise line employers.

Every crew member to whom this policy applies consents to and hereby agrees to be fully bound by these provisions.

ARBITRATION: If not resolved by the Union, Owners/Company, and/or the Seafarer, all grievances and any other dispute whatsoever, whether in contract, regulatory, tort or otherwise, including constitutional, statutory, common law, admiralty, intentional tort and equitable claims, relating to or in any way connected with the seafarer's service for the Owners/Company, including but not limited to claims for personal injury or death, no matter how described, pleaded or styled, and whether asserted against the Owners/Company, Master, Employer, Ship Owner, vessel or vessel operator, shall be referred to and resolved exclusively by binding arbitration pursuant to the United Nations Conventions on Recognition and Enforcement of Foreign Arbitral Awards(New York 1958), 21U.S.T. 2517, 330U.N.T.S. ("The Convention"), except as otherwise provided in any government mandated contract, such as the Standard POEA Contract for Philippine Seafarers. All disputes must be presented within three years from the date of the occurrence giving rise to the dispute or it will not be recognized and will be time-barred.

Any arbitration shall take place in the Seafarer's country of citizenship or the ship's flag state, in the parties' discretion, unless arbitration is unavailable under the Convention in those countries, in which case only said arbitration shall take place in Miami, Florida. The language of any arbitral proceedings shall be English. Any arbitration shall be administered by the American Arbitration Association under its International Dispute Resolution Procedures.

The Union shall appoint one arbitrator, the Owners/Company shall appoint one arbitrator and a third arbitrator shall to be jointly appointed by the Union and the Owners/Company. However, the Owners/Company and the Union, in their discretion, may jointly select a single arbitrator. The parties shall have the right in any arbitration to conduct limited examinations under oath of parties and witnesses, and medical examination necessary to verify any injuries or damages claimed. The Owners/Company, the Unions, and the Seafarer also acknowledge that they voluntarily and knowingly waive any right they have to a jury trial. The arbitration referred to in this Article is exclusive and mandatory. Claims and lawsuits may not be brought by any Seafarer or party hereto, except to enforce arbitration or a decision of the arbitrator.

Name: HUGHES, GREGORY

Page 3 of 3

Empl ID:   68410

The Owners/Company shall bear the costs related to the arbitration process from beginning to end including, but not limited to, fees charged and expenses incurred by arbitrators, and any costs related to proceedings brought by the Union necessary to enforce a decision. The Union and the Owners/Company shall bear the costs of their own attorney fees and legal representation. If the Seafarer retains counsel and files suit in contravention of this Article, or rejects the representation appointed by the Union at arbitration or thereafter, then he or she will cover the cost of his or her legal representation, if any. If the Seafarer is not represented by the Union, then the arbitrator shall seek the Union's opinion as to the interpretation of this agreement before making a decision.

Employee Signature _____SID_____ Date 28/10/08

Human Resources Witness _____ Date 2008/10/29

HR - Printed Name _____ JDE ID# _____

Distribution - Original signed copy Human Resources, copy Employee, copy Ship

ROYAL CARIBBEAN CRUISES LTD
1050 CARIBBEAN WAY
MIAMI FL 33132
305/539-6000

Sign On Employment Agreement  ' A '

Page 1 of 3

Name    HUGHES, GREGORY ANTONIO         USC/USR: N/A    Dept: 488      Empl ID:   66410

Marital Status: M        Sex: M     Birthdate: 05/14/69                         Crew ID: ____
Nationality: CRI   Costa Rica                Social Security: N/A

Address (home) ...... BARRIO SAN MARTIN, SIQUIRES
             ......
             ......
City, State, Zip   ..., LIMON SAN JOSE
Nation        .........,  CR    Costa Rica
Telephone (home) .... (506)   768707

Ship: JEWEL OF THE SEAS           Voyage #:  28220       Airport of Origin: SAN JOSE,    COSTA RICA
------------------------------------------------------------------------------------------------

Permanent Job Code:     CA      STATEROOM ATTENDANT
Monthly Total Guaranteed Pay including Guaranteed Overtime:   1,050.00
Portion of monthly basic pay payable by the Company:           50.00
Monthly Vacation Pay:        .00
Hourly Overtime Rate:       4.22
Allotment:                   .00
CBA Daily Sick Wage Rate:  18.22

Other than the       50.00   per month of the basic monthly pay to be paid by the Company, the monthly guaranteed
pay is inclusive of all gratuities and service fees provided by passengers. The Company will recommend that passengers pay gratuities
or will assess a service fee upon passengers.

In recognition that other employees often assist in the performance of services, any gratuities/service fees paid to the Hotel employee by
passengers, or collected by the company from the passengers, shall be shared with such other employees who assist with the service. The
company shall determine the gratuity sharing guidelines at its sole discretion. Gratuity/service fee sharing will be published and available to the
employees in the HR Center. The company shall also set guidelines for the timing of gratuity/service fee payments to employees at its sole
discretion. These guidelines will also be available for review upon request in the HR Center.

First Date of Hire:       12/17/89
Sign-On Date:             06/10/09   Projected Sign-Off Date:   01/02/10
Effective Payroll Date:   06/10/09

Remark:
    I understand and accept that the employer may terminate this agreement with or without cause provided 7 days notice is given
    or 7 days pay in lieu of notice. I further understand and agree that the Collective Bargaining Agreement between the Company
    and the Union is incorporated into and made part of this Employment Agreement and that I and the Company are bound by its
    terms and conditions. I accept the position on the ship indicated above for the date shown. I understand that if I fail to show up
    to join the ship on the date shown above that I waive the right to work for the Company and any of its subsidiaries
    at any time in the future.

    I acknowledge having received copies of (1) the Collective Bargaining Agreement referred to above effective
    on the date of this Employment Agreement and (2) the Employee Handbook.

Name: HUGHES, GREGORY ANTONIO

Page 2 of 3

Empl ID : 66410

**IMPORTANT WARNING:**

The Company's rules and regulations concerning crew conduct are maintained in the Crew Conduct Policy and in other shipboard rules and regulations. Seafarers must comply with all ship rules and regulations, whether verbal or written, at all times. While all Company rules and regulations are important and must be followed, the Company is providing an excerpt of the Crew Conduct Policy concerning sexual misconduct in this agreement.

Criminal penalties for alleged sexual misconduct can lead to many years in prison. All crew members must understand that the company has a zero tolerance to any form of sexual contact between crew members and guests, on or off the ship, at anytime during the guest's cruise vacation. Any such sexual contact will subject the crew member to immediate termination without warning.

As part of this policy the company shall also:

1. Report all alleged sexual assaults to law enforcement for investigation and prosecution, including those allegations where a victim consented to the sexual encounter, but later claimed the activity was not consensual.

2. Cooperate fully with law enforcement or other government officials in the criminal investigation and prosecution of all such incidents to the fullest extent of the law regardless of where in the world the ship is located.

3. Respond to inquiries from any future prospective employer that any crew member terminated for violating this policy, even without criminal charges, is not eligible for rehire. Crew members therefore must understand that, because job opportunities in the cruise industry are limited, sexual contact with any guest in violation of company policy will have the likely practical effect of making the crew member ineligible to work for other cruise line employers.

Every crew member to whom this policy applies consents to and hereby agrees to be fully bound by these provisions.

ARBITRATION: If not resolved by the Union, Owners/Company, and/or the Seafarer, all grievances and any other dispute whatsoever, whether in contract, regulatory, tort or otherwise, including constitutional, statutory, common law, admiralty, intentional tort and equitable claims, relating to or in any way connected with the seafarer's service for the Owners/Company, including but not limited to claims for personal injury or death, no matter how described, pleaded or styled, and whether asserted against the Owners/Company, Master, Employer, Ship Owner, vessel or vessel operator, shall be referred to and resolved exclusively by binding arbitration pursuant to the United Nations Conventions on Recognition and Enforcement of Foreign Arbitral Awards(New York 1958), 21 U.S.T. 2517, 330 U.N.T.S. ("The Convention"), except as otherwise provided in any government mandated contract, such as the Standard POEA Contract for Philippine Seafarers. All disputes must be presented within three years from the date of the occurrence giving rise to the dispute or it will not be recognized and will be time-barred.

Any arbitration shall take place in the Seafarer's country of citizenship or the ship's flag state, in the parties' discretion, unless arbitration is unavailable under the Convention in those countries, in which case only said arbitration shall take place in Miami, Florida. The language of any arbitral proceedings shall be English. Any arbitration shall be administered by the American Arbitration Association under its International Dispute Resolution Procedures.

Name: HUGHES, GREGORY ANTONIO

Page 3 of 3

Empl ID:    66410

The Union shall appoint one arbitrator, the Owners/Company shall appoint one arbitrator and a third arbitrator shall to be jointly appointed by the Union and the Owners/Company. However, the Owners/Company and the Union, in their discretion, may jointly select a single arbitrator. The parties shall have the right in any arbitration to conduct limited examinations under oath of parties and witnesses, and medical examination necessary to verify any injuries or damages claimed. The Owners/Company, the Unions, and the Seafarer also acknowledge that they voluntarily and knowingly waive any right they have to a jury trial. The arbitration referred to in this Article is exclusive and mandatory. Claims and lawsuits may not be brought by any Seafarer or party hereto, except to enforce arbitration or a decision of the arbitrator.

The Owners/Company shall bear the costs related to the arbitration process from beginning to end including, but not limited to, fees charged and expenses incurred by arbitrators, and any costs related to proceedings brought by the Union necessary to enforce a decision. The Union and the Owners/Company shall bear the costs of their own attorney fees and legal representation. If the Seafarer retains counsel and files suit in contravention of this Article, or rejects the representation appointed by the Union at arbitration or thereafter, then he or she will cover the cost of his or her legal representation, if any. If the Seafarer is not represented by the Union, then the arbitrator shall seek the Union's opinion as to the interpretation of this agreement before making a decision.

Employee Signature: _____ Date: 06-10-2009

Human Resources Witness: _____ Date: JUN 7 2009

HR - Printed Name: _____ JDE ID#: 982 735

Distribution - Original signed copy Human Resources, copy Employee, copy Ship