# EXHIBIT B
# To Faso Declaration

ROYAL CARIBBEAN CRUISES LTD  
1050 CARIBBEAN WAY  
MIAMI FL 33132  
305/539-6000

Sign On Employment Agreement  * A *

Page 1 of  3

| Name | BROWN, NORRIS ANTHONY | | USC/USR: N/A | Dept: 486 | Empl ID: | 67501 |

Marital Status:  H        Sex: M      Birthdate: 05/17/58               Crew ID: _____  
Nationality: JAM  Jamaica                Social Security: N/A

Address (home) ......   LOT 235 FARM HEIGHTS MONTEGO  
    ......  
    ......  
City, State, Zip  ....   BAY ST JAMES JAMAICA  
Nation     ..........   JM   Jamaica  
Telephone (home) ....   (1)   876-971-8563

Ship: VOYAGER OF THE SEAS          Voyage #:  18510       Airport of Origin: MONTEGO BAY,   JAMAICA

Permanent Job Code :    CA    STATEROOM ATTENDANT  
Monthly Total Guaranteed Pay including Guaranteed Overtime:   1,050.00  
Portion of monthly basic pay payable by the Company:   50.00  
Monthly Vacation Pay :   0.00  
Hourly Overtime Rate :   4.22  
Allotment :   0.00  
CBA Daily Sick Wage Rate :   16.22

Other than the   50.00   per month of the basic monthly pay to be paid by the Company, the monthly guaranteed pay is inclusive of all gratuities and service fees provided by passengers. The Company will recommend that passengers pay gratuities or will assess a service fee upon passengers.

In recognition that other employees often assist in the performance of services, any gratuities/service fees paid to the Hotel employee by passengers, or collected by the company from the passengers, shall be shared with such other employees who assist with the service. The company shall determine the gratuity sharing guidelines at its sole discretion. Gratuity/service fee sharing will be published and available to the employees in the HR Center. The company shall also set guidelines for the timing of gratuity/service fee payments to employees at its sole discretion. These guidelines will also be available for review upon request in the HR Center.

First Date of Hire :   01/30/82  
Sign-On Date :   11/01/09       Projected Sign-Off Date :   05/23/10  
Effective Payroll Date :   11/01/09

Remark :

I understand and accept that the employer may terminate this agreement without cause provided 30 days notice is given or monthly total guarantee pay through the end of the employment contract period up to a maximum of 30 days is paid in lieu of notice. The employer may terminate this agreement with cause immediately without notice. I further understand and agree that the Collective Bargaining Agreement between the Company and the Union is incorporated into and made part of this Employment Agreement and that I and the Company are bound by its terms and conditions. I accept the position on the ship indicated above for the date shown. I understand that if I fail to show up to join the ship on the date shown above that I waive the right to work for the Company and any of its subsidiaries at any time in the future.

I acknowledge having received a copy of the Collective Bargaining Agreement referred to above effective on the date of this Employment Agreement.

Name: BROWN, NORRIS ANTHONY

Page 2 of 3

Empl ID: 67501

**IMPORTANT WARNING:**

The Company's rules and regulations concerning crew conduct are maintained in the Crew Conduct Policy and in other shipboard rules and regulations. Seafarers must comply with all ship rules and regulations, whether verbal or written, at all times. While all Company rules and regulations are important and must be followed, the Company is providing an excerpt of the Crew Conduct Policy concerning sexual misconduct in this agreement.

Criminal penalties for alleged sexual misconduct can lead to many years in prison. All crew members must understand that the company has a zero tolerance to any form of sexual contact between crew members and guests, on or off the ship, at anytime during the guest's cruise vacation. Any such sexual contact will subject the crew member to immediate termination without warning.

As part of this policy the company shall also:

1. Report all alleged sexual assaults to law enforcement for investigation and prosecution, including those allegations where a victim consented to the sexual encounter, but later claimed the activity was not consensual.

2. Cooperate fully with law enforcement or other government officials in the criminal investigation and prosecution of all such incidents to the fullest extent of the law regardless of where in the world the ship is located.

3. Respond to inquiries from any future prospective employer that any crew member terminated for violating this policy, even without criminal charges, is not eligible for rehire. Crew members therefore must understand that, because job opportunities in the cruise industry are limited, sexual contact with any guest in violation of company policy will have the likely practical effect of making the crew member ineligible to work for other cruise line employers.

Every crew member to whom this policy applies consents to and hereby agrees to be fully bound by these provisions.

**ARBITRATION:**

1. All grievances and any other dispute whatsoever, whether in contract, regulatory, statutory, common law, tort or otherwise relating to or in any way connected with the Seafarer's service for the Owners/Company under the present Agreement, including but not limited to claims for personal injury/disability or death, no matter how described, pleaded or styled, and whether asserted against the Owners/Company, Master, Employer, Ship Owner, vessel or vessel operator shall be referred to and resolved exclusively by mandatory binding arbitration pursuant to the United Nations Conventions on the Recognition and Enforcement of Foreign Arbitral Awards (New York 1958), 21 U.S.T. 2517, 330 U.N.T.S, (" The Convention" ), except as provided by any government mandated contract.

2. All arbitrations must be commenced within two (2) years from the date of the occurrence giving rise to the grievance or dispute, or the date the Seafarer knew or should have known of the occurrence giving rise to the grievance or dispute, except for claims for personal injury or death, which must be commenced within three (3) years from the date of the occurrence giving rise to the injury or death or the date the Seafarer knew of should have known of the occurrence giving rise to the grievance or dispute. Claims brought forth thereafter will not be recognized and will be time-barred.

3. Any arbitration shall take place in Miami, Florida, Oslo, Norway, or in any location agreed by the Owners/Company and the Union or the representative of the Seafarer. The procedural and substantive law of the arbitration shall be the law of Norway without regard to conflict of law principles.

4. The language of any arbitral proceedings shall be English.

Name: BROWN, NORRIS ANTHONY

Page 3 of 3

Empl ID: 67501

5. Any arbitration, except as provided by any government mandated contract, shall be administrated in accordance with the United Nations Commission on International Trade Law (UNCITRAL) Arbitration Rules, as amended with agreement of the parties, with the American Arbitration Association ("AAA") under its International Dispute Resolution Procedures as the appointing authority.

6. All arbitrations must be brought by or on behalf of Seafarers in their own names, and not on behalf of others on an unnamed basis.

7. The Owners/Company and the Union shall jointly appoint one arbitrator unless the Seafarer has his or her own representative then the Owners/Company and Seafarer shall appoint the arbitrator. In the event there is no agreement, an arbitrator shall be chosen pursuant to the UNCITRAL rules. In any case, an arbitrator shall be appointed with ninety (90) days of the dispute being presented for arbitration.

8. The parties shall have the right in any arbitration to conduct limited examinations under oath of parties and witnesses, and medical examinations necessary to verify any injuries or damages claimed.

9. Each party shall bear its own attorney's fees and costs incurred in connection with arbitration, but the Owners/Company shall pay for the costs of the arbitration itself, including charges by the arbitrator.

10. The Union may, at its sole discretion, decline to represent a Seafarer in an arbitration if the Union believes that the claim lacks merit.

11. If the Seafarer is not represented by the Union, then the Seafarer's representative shall take the place of the Union in the arbitration process save that before making a decision, the arbitrator shall seek the Union's opinion on any issue concerning the interpretation of this Agreement.

12. In any arbitration in which the Seafarer is represented by his/her own counsel, the Owners/Company agree that they will keep the Union informed about the grievance or dispute and its outcome, if the Union was involved during the grievance process or the arbitration involves a core principle of the Agreement.

E. Governing Law

Any grievance or other dispute shall be governed in accordance with the laws of Norway, without regard to any conflicts of laws principles.

Employee Signature _Brown_ Date _01/11/09_

Employee's signature certifies that the employee has read, understood, and agreed to the terms of this agreement. Employee also acknowledges that he/she has been provided with a copy of this agreement.

Employer representative Signature _____ Date _____

Employer representative - Printed Name __JERICA AVERI__ JDE ID# __ID_236510 HR MANAGER__