# EXHIBIT 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-21948-CIV-COOKE

KENNETH DOWNER et al.,

    Plaintiffs,

vs.

ROYAL CARIBBEAN CRUISES LTD.,

    Defendant.

_____/

## DECLARATION OF ELI AASHEIM

I, Eli Aasheim, under penalty of perjury, state as follows:

1. I am an attorney licensed to practice law in Norway, and I am currently practicing law at the Wiersholm law firm in Oslo, Norway. My firm's full name is Wiersholm, Mellbye & Bech advokatfirma AS.

2. I have worked as a lawyer at Wiersholm since 1993, and I have been a partner since 2000. Before working at Wiersholm, I was Assistant Secretary and Deputy Director at the Ministry of Justice, the Civil Division from 1990 to 1993. I was a Deputy Judge at Drammen City Court from 1988 to 1989, and Executive Officer, Senior Executive Officer at the Ministry of Justice, the Polar and Civil Division, from 1984 to 1988.

3. I am an employment specialist and practice almost exclusively in this area. My practice covers all aspects of employment; including benefits and pension issues. I am frequently used as a lecturer in employment law and am a co-writer of books on Norwegian employment law.

4. Norwegian law is based on a civil law system. Traditionally, it has had strong ties to the continental legal traditions. There is a strong legislative tradition in Norway, where Acts and their preparatory works are central legal sources. Anglo-American law has also had an increasing influence on Norwegian law.

5. The relationship between employer and seafaring employee is largely regulated in statute. The Seamen's Act of 30 May 1975 No. 18 ("the Seaman's Act") provides minimum requirements for, among other things, employment contracts, the right to leave of absence, employment protection, dismissal, redundancy and summary dismissal. Other relevant legislation includes the Act on Holidays of 29 April 1988 No. 21 ("the Holiday Act") and the National Insurance Act of 28 February 1997 No. 19 ("the National Security Act"). In general, the legislation is designed to secure safe working conditions and to promote and strengthen employee protection.

6. The general terms for wages and working conditions are largely governed by collective bargaining agreements between employers' associations - or the individual employer - on the one part and labour organizations on the other.

7. Norway does not have any statutory minimum wage. According to the Seamen's Act, the parties shall enter into a written contract of employment, see section 3 of the Act. The parties in general have contractual freedom to agree on the amount of the wage.

8. Wage levels and minimum wages are in general set forth in collective bargaining agreements. Collective bargaining agreements are binding and the parties to such agreements cannot enter into individual employment contracts that deviate from the terms of the existing collective bargaining agreements, regardless of whether the individual terms would improve or worsen the working conditions of the employee in question. However, the parties to an

2

individual employment contract are free to agree to terms and / or conditions that fall outside the scope of the collective bargaining agreement.

9. Special regulations apply in case of deductions in salary. Section 23 of the Seamen's Act has strict rules regarding in which situations the employer may make deductions in the employee's salary, holiday pay and the like.

10. Norwegian law recognizes employees' claims, including seafarers' claims, against employers for unpaid wages.

11. In general, a claim for wages must be presented no later than three years from the date when the wage should have been paid. *See* the Limitations Act of 18 May 1979 No. 18.

12. Employees, including seafarers, may claim full compensation for any wages, supplements, overtime payment or fringe benefits that have not been paid. The claim may be based on the employee's individual contract of employment, a collective bargaining agreement or statutory requirements according to law or regulations.

13. The employee may also claim interest according to the Act on Interests on Overdue Payments of 17 December 1976 No. 100. Interest can be claimed with retroactive effect as of the date when the wages and holiday allowance should have been paid out according to agreement or law.

14. Further, the employee may claim legal costs, cf. chapter 20 of the Dispute Act. As a rule of thumb, the party that loses the case completely shall be ordered to refund the opposing party's full necessary legal costs. However, exceptions may be made by the court.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

_____
ELI AASHEIM
Date: 24 June 2011

4