UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-21948-CIV-COOKE

KENNETH DOWNER *et al.*,

    Plaintiffs,

vs.

ROYAL CARIBBEAN CRUISES LTD.,

    Defendant.
_____/

## DEFENDANT'S MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF ITS MOTION TO COMPEL ARBITRATION AND TO DISMISS

Defendant Royal Caribbean Cruises Ltd. ("Royal Caribbean"), pursuant to the Court's inherent authority, moves for the entry of an Order staying these proceedings, including discovery, pending the resolution of Royal Caribbean's Motion to Compel Arbitration and to Dismiss [DE 11]. The grounds for this motion are:

### I.    INTRODUCTION

Plaintiffs are current and former employees of Royal Caribbean who worked as stateroom attendants aboard cruise ships operated by Royal Caribbean (Compl., ¶¶8-10). Plaintiffs allege that Royal Caribbean failed to pay them all the wages to which they were entitled under the applicable collective bargaining agreements (*Id.*, ¶¶16(A) and (B)). Based on those allegations, Plaintiffs' Complaint purports to state claims for a declaration that the arbitration provisions in the parties' agreements are unenforceable (Count I); unpaid wages and penalty wages under 46 U.S.C. §§10313(f) and (g) (Count II); unpaid wages and penalty wages under 46 U.S.C. §§10504(b) and (c) (Count III); breach of contract (Count IV); breach of the covenant of good faith and fair dealing (Count V); and "forced labor, peonage" under 18 U.S.C. §1595 (Count VI).

Royal Caribbean filed a Motion to Compel Arbitration and to Dismiss (the "Motion") [DE 11]. The Motion shows that, in accordance with the mandatory arbitration provisions contained in the parties' contracts, arbitration must be compelled – and the Complaint dismissed in favor of arbitration – because such is required by the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 21 U.S.T. 2517 (the "Convention"), and its implementing legislation, 9 U.S.C. §§202-208 (the "Convention Act").

Except for the briefing of the Motion, these proceedings – including the discovery process – should be stayed pending resolution of the Motion.

## II.   ARGUMENT

As a general proposition, and as noted by the Eleventh Circuit in *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367-68 (11th Cir. 1997):

> Discovery imposes several costs on the litigant from whom discovery is sought. These burdens include the time spent searching for and compiling relevant documents; the time, expense, and aggravation of preparing for and attending depositions; the costs of copying and shipping documents; and the attorneys' fees generated in interpreting discovery requests, drafting responses to interrogatories and coordinating responses to production requests, advising the client as to which documents should be disclosed and which ones withheld, and determining whether certain information is privileged. The party seeking discovery also bears costs, including attorneys' fees generated in drafting discovery requests and reviewing the opponent's objections and responses. Both parties incur costs related to the delay discovery imposes on reaching the merits of the case. Finally, discovery imposes burdens on the judicial system; scarce judicial resources must be diverted from other cases to resolve discovery disputes.

Allowing discovery to proceed in the face of a pending, dispositive motion "does nothing but waste the resources of the litigants in the action before the court, delay resolution of disputes between other litigants, squander scarce judicial resources, and damage the integrity and the public's perception of the federal judicial system." *See Id.* at 1368. Because of the heavy burden

2

that the discovery process places upon not only litigants – but also upon courts – "facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins." *See Id.*, at 1367. Put another way, "when faced with a motion to dismiss a claim for relief that significantly enlarges the scope of discovery, the district court should rule on the motion before entering discovery orders, if possible." *See Id.* at 1368; *see also Scroggins v. Air Cargo, Inc.*, 534 F.2d 1124, 1133 (5th Cir. 1976) ("we see no possible abuse of discretion in the order staying general discovery" pending the resolution of a dispositive motion); *Allstate Life Ins. Co. v. Miller*, 2004 WL 141698 at *1 (S.D. Fla. 2004) (citing *Scroggins*, 534 F.2d at 1133) ("Defendants observe correctly that it is within the Court's discretion to stay or limit discovery pending the resolution of dispositive motions.").

**This policy is particularly applicable where, as here, the pending motion seeks dismissal of litigation in favor of the arbitration required by a mandatory arbitration provision contained in the parties' contract**. *See, e.g., Suarez-Valdez v. Shearson Lehman/American Express, Inc.*, 858 F.2d 648, 649 (11th Cir. 1988) (reversing a district court's decision not to stay discovery pending arbitration) ("The district court erred in refusing to stay discovery") and at 649-50 (Tjoflat, C.J., concurring) ("The trial court's order allowing continued discovery, however, would subject the parties to the very complexities, inconveniences and expenses of litigation that they determined to avoid.");[1] *Klepper v. SLI, Inc.*, 45 Fed.Appx. 136, 2002 WL 2005431 at *1 (3d Cir. 2002) (reversing an order permitting discovery to proceed in

---

[1] In a related context, the Eleventh Circuit has also held that it is appropriate to stay all proceedings in the district court pending the resolution of appeals of orders denying motions to compel arbitration. *See Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1252-53 (11th Cir. 2004).

the face of a motion to determine arbitrability) (quoting *Suarez-Valdez*, 858 F.2d at 649 (Tjoflat, C.J., concurring)) (same); *In re: Managed Litigation*, 2001 WL 664391 at *3 (S.D. Fla. 2001) ("the Court does find in its discretion sufficient justification to stay discovery for a limited period of time while the Court rules on the provider motions . . . to compel arbitration"); *Steiner v. Apple Computer, Inc.*, 2007 WL 4219388 at *1 (N.D. Cal. 2007) (collecting decisions):

> ATTM's motion to stay is well-taken. If ATTM's pending motion to compel arbitration is granted, litigation will proceed in the arbitral forum, not in this Court. And if a dispute is arbitrable, responsibility for the conduct of discovery lies with the arbitrators. In the interests of conserving the resources of the parties, a short stay of the initial scheduling obligations and discovery pending the determination of the motion to compel arbitration is therefore prudent. (internal citation and quotation marks omitted).

*Ross v. Bank of America, N.A.*, 2006 WL 36909 at *1 (S.D.N.Y. 2006) ("In view of the threshold issues concerning arbitration, this Court concludes that a stay of discovery is appropriate."); *Intertec Contracting v. Turner Steiner Int'l, S.A.*, 2001 WL 812224 at *7 (S.D.N.Y. 2001) ("As is the general practice of district courts, a stay of discovery was imposed in this case while the motion to compel arbitration was pending before the Court."); *PCH Mutual Ins. Co. v. Casualty & Surety, Inc.*, 569 F.Supp.2d 67, 77-78 (D.D.C. 2008) (staying discovery pending resolution of motion to compel arbitration); *Merrill, Lynch, Pierce, Fenner & Smith, Inc. v. Coors*, 357 F.Supp.2d 1277, 1280-81 (D. Colo. 2004) (same).

It would be wasteful of the Court's and the parties' time and resources to allow these proceedings, including discovery, to continue in the face of a motion seeking to compel arbitration.

### III.   CONCLUSION

For these reasons, these proceedings (other than the briefing of the Motion) should be stayed pending resolution of the Motion.

4

## CERTIFICATE OF GOOD-FAITH CONFERENCE

Counsel for Royal Caribbean sent an e-mail to counsel for Plaintiffs at 8:45 a.m. on July 19, 2011, to discuss the issues raised in this Motion. Counsel for Plaintiffs has not responded.

Respectfully submitted,

HOLLAND & KNIGHT LLP
Attorneys for Royal Caribbean
701 Brickell Avenue, Suite 3000
Miami, Florida 33131
(305) 374-8500 (telephone)
(305) 789-7799 (facsimile)

By: /s/ Scott D. Ponce
Sanford L. Bohrer (FBN 160643)
Scott D. Ponce (FBN 0169528)
Email: sbohrer@hklaw.com
Email: sponce@hklaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 21st day of July 2011, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF System.

s/ Scott D. Ponce

#10482152_v1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-21948-CIV-COOKE

KENNETH DOWNER *et al.*,

    Plaintiffs,

vs.

ROYAL CARIBBEAN CRUISES LTD.,

    Defendant.
_____/

## **ORDER**

THIS CAUSE is before the Court on Defendant's Motion to Stay Proceedings Pending the Resolution of its Motion to Compel Arbitration and to Dismiss (the "Motion"). Upon review of the Motion and the relevant portions of the record, it is

ORDERED AND ADJUDGED that the Motion is GRANTED. Apart from the briefing of Defendant's Motion to Compel Arbitration and to Dismiss [DE 11], these proceedings, including discovery, are stayed pending resolution of the Motion to Compel Arbitration and to Dismiss.

DONE AND ORDERED in Chambers in Miami, Florida on this \_\_\_\_\_ day of July 2011.

_____
MARCIA G. COOKE
UNITED STATES DISTRICT JUDGE

Copies furnished to:
William C. Turnoff, U.S. Magistrate Judge
Counsel of record