**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 11-21948-Civ-COOKE/TURNOFF**

KENNETH DOWNER, *et al.*,

      Plaintiffs

vs.

ROYAL CARIBBEAN CRUISES, LTD.,

      Defendant.

_____/

## ORDER GRANTING MOTION TO COMPEL ARBITRATION

THIS CASE is before me on the Defendant's Motion to Compel Arbitration and to Dismiss. (ECF No. 11). I have reviewed the arguments, the record, and the relevant legal authorities. For the reasons provided, the Defendant's Motion is granted.

### I. BACKGROUND

Plaintiffs, eight individuals who work or worked for Defendant Royal Caribbean Cruises Ltd. ("Royal Caribbean") as stateroom attendants aboard Royal Caribbean's cruise ships bring this putative class action alleging that Royal Caribbean unlawfully withheld or delayed payment of, or failed to pay, their wages. Each of Plaintiffs' respective Sign-on Employment Agreements ("Employment Agreements"), in effect throughout the relevant period, contain a mandatory arbitration provision. The Employment Agreements expressly incorporate the terms of the Collective Bargaining Agreement ("CBA"), which also contains a mandatory arbitration provision.

Royal Caribbean seeks to compel arbitration of this employment dispute pursuant to the arbitration agreements contained in the Employment Agreements and the CBA. Plaintiffs argue that the provisions are null and void as against public policy.

### II. LEGAL STANDARDS

A court conducts a very limited inquiry in deciding a motion to compel arbitration under the

United Nations Convention on Recognition and Enforcement of Foreign Arbitral Awards (the

"Convention"). *See Bautista v. Star Cruises*, 396 F.3d 1289, 1294 (11th Cir. 2005) (citations

omitted). A district court must order arbitration if the four jurisdictional prerequisites are met. *Id.*

*at* 1294-95. The four jurisdictional prerequisites are (1) there is an agreement in writing within the

meaning of the Convention; (2) the agreement provides for arbitration in the territory of a signatory

of the Convention; (3) the agreement arises out of a legal relationship, whether contractual or not,

which is considered commercial, and (4) a party to the agreement is not an American citizen, or that

the commercial relationship has some reasonable relation with one or more foreign states. *Id.* at

1294 n 7.

### III. ANALYSIS

I find that the arbitration agreement meets the four *Bautista* jurisdictional prerequisites.

The Employment Agreements are all in writing; Plaintiffs each executed the agreements.[1] The

Employment Agreements require that the arbitration take place in the United States, Norway, the

vessel's flag state (The Bahamas), or the seamen's country of citizenship (i.e., Jamaica, Costa Rica,

and St. Vincent and the Grenadines). Each of these countries is a signatory of the Convention. The

arbitration agreement meets the third *Bautista* prong because Plaintiffs were, during all material

times, Royal Caribbean's employees. *See Bautista*, 396 F.3d at 1300 (holding that employment

contracts are commercial legal relationships under the Convention). Finally, Plaintiffs satisfy the

---

[1] Plaintiffs admit in their Complaint that they each entered into written Employment Agreements, which incorporate the CBA and contain mandatory arbitration provisions. (Compl. ¶¶ 31-35). In their opposition to Royal Caribbean's Motion, they argue that Royal Caribbean fails to prove that the first *Bautista* prong is satisfied because it did not attach each of the signed, written Employment Agreements. Plaintiffs further argue that Defendant cannot simply rely on Plaintiffs' admissions of fact contained in their Complaint. These arguments are unavailing. "[A] party is bound by the admissions in his pleadings." *Best Canvas Prods. & Supplies, Inc. v. Ploof Truck Lines, Inc.*, 713 F.2d 618, 621 (11th Cir. 1983); *see Cooper v. Meridian Yachts, Ltd.*, 575 F.3d 1151, 1177-78 (11th Cir. 2009) ("[F]acts judicially admitted are facts established not only beyond the need of evidence to prove them, but beyond the power of evidence to controvert them."). Moreover, Plaintiffs in this case did not take inconsistent positions—simultaneously admitting and denying the existence of a valid contract—which could constitute an exception to this general rule. *See Nichols v. Barwick*, 792 F.2d 1520, 1523 (11th Cir. 1986).

fourth *Bautista* prong because none of them are American citizens.

Plaintiffs, relying on *Thomas v. Carnival Corp.*, 573 F.3d 1113 (11th Cir. 2009), argue that the arbitration provisions contained in the Employment Agreements and the CBA provide for the application of foreign law and therefore are void as against public policy.  The Eleventh Circuit, however, recently held that "to the extent *Thomas* allowed the plaintiff seaman to prevail on a new public policy defense under Article II, *Thomas* violates *Bautista* and our prior precedent rule." *Lindo v. NCL (Bahamas) Ltd.*, 652 F.3d 1257, 1277-78 (11th Cir. 2011).  Thus, "public policy is not a valid defense to enforcement of an arbitration agreement."  *Maxwell v. NCL (Bahamas), Ltd.*, 454 F. App'x 709, 710 (11th Cir. 2011).

Accordingly, it is **ORDERED and ADJUDGED** that the Defendant's Motion to Compel Arbitration and to Dismiss (ECF No. 11) is **GRANTED**.  The parties are ordered to resolve this dispute through binding arbitration in accordance with the Employment Agreements and the CBA. This case is **STAYED** pending the outcome of the parties' arbitration.  The Clerk is directed to *administratively* **CLOSE** this case.  All pending motions, if any, are **DENIED** *as moot.*

**DONE and ORDERED** in chambers at Miami, Florida, this 31ST day of May 2012.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*William C. Turnoff, U.S. Magistrate Judge*
*Counsel of record*