UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-21948-Civ-COOKE/TURNOFF

KENNETH DOWNER, *et al.*,

    Plaintiffs
vs.

ROYAL CARIBBEAN CRUISES, LTD.,

    Defendant.
_____/

## ORDER GRANTING PLAINTIFFS' MOTION TO LIFT STAY OR, ALTERNATIVELY, TO CERTIFY FOR INTERLOCUTORY APPEAL

THIS CASE is before me on Plaintiff's Motion to Lift Stay to Allow Appellate Review or, Alternatively, to Certify Matter for Interlocutory Appeal. ECF No. 48. I have reviewed the arguments, the record, and the relevant legal authorities. As explained in this order, Plaintiffs' Motion is granted.

### I. BACKGROUND

Plaintiffs, eight individuals who work or worked for Defendant, Royal Caribbean Cruises, Ltd., as stateroom attendants aboard Defendant's cruise ships brought this putative class action alleging that Defendant unlawfully withheld or delayed payment of, or failed to pay, their wages. Compl. 1-32, ECF No. 1. On June 28, 2011, Defendant moved to compel arbitration and to dismiss Plaintiffs' Complaint. ECF No. 11. Plaintiffs opposed the Motion on several grounds, including the claim that the arbitral provision's choice of law clause, requiring the application of the Norwegian law deprived Plaintiffs of remedies under the Seaman's Wage Act, allegedly in violation of the United States policy. Resp. to Mot. to Compel Arbitration 9-16, ECF No. 20; *see also* the Seaman's Wage Act, 46 U.S.C. §10313. Plaintiffs relied mainly on *Thomas v. Carnival Corporation*, a panel decision. *Thomas v. Carnival Corp.*, 573 F.3d 1113, 1124 (11th Cir. 2009).

In *Thomas*, the Eleventh Circuit held that an arbitration provision requiring the application of a foreign law constituted a waiver of seaman's rights under the Seaman's Wage Act and was not enforceable under the United Nations Convention on Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention")[1] as contrary to the United States' public policy. *See id.*

Before I ruled on the Motion, the Eleventh Circuit issued its decision in *Lindo v. NCL (Bahamas)*. *Lindo v. NCL (Bahamas), Ltd.*, 652 F.3d 1257, 1275 (11th Cir. 2011). The Eleventh Circuit held that "to the extent *Thomas* allowed the plaintiff seaman to prevail on a new public policy defense under Article II [of the Federal Arbitration Act], *Thomas* violates *Bautista* and our prior panel precedent rule." *Lindo*, 652 F.3d at 1278; *see also Bautista v. Star Cruises*, 396 F.3d 1289, 1292 (11th Cir. 2005). *Thomas* was a panel decision and under the prior panel precedent rule, the Eleventh Circuit is bound by earlier panel holdings unless and until it is overruled en banc or by the Supreme Court. *See United States v. Smith*, 122 F.3d 1355, 1359 (11th Cir.1997).

In light of the ruling in *Lindo*, the parties filed Notices of Supplemental Authority. ECF No. 30; 31. Since *Lindo* was also a panel decision and the appellant in *Lindo* filed a petition for rehearing en banc, I stayed the case pending a decision by the Eleventh Circuit on the petition in *Lindo*. Order Staying Case, ECF No. 32. However, before the Eleventh Circuit ruled on the appellant's petition for rehearing en banc, the parties in *Lindo* settled the case. After the settlement, Defendant moved to lift the stay. *See* Notice, ECF, No. 33. I declined to lift the stay because the status of the law remained uncertain, and a petition for rehearing en banc was pending in a case raising issues similar to those in the present case: *Maxwell v. NCL (Bahamas) Ltd*. *Maxwell v. NCL (Bahamas), Ltd.*, 454 F. App'x 709, 710 (11th Cir. 2011). The petition for rehearing en banc, however, was denied and I ruled on the Defendant's Motion to Compel Arbitration. Order Granting

---

[1] The New York Convention was implemented by the Federal Arbitration Act, 9 U.S.C. § 201 *et seq.*

Motion to Compel Arbitration, ECF No. 40. I compelled the case to arbitration and stayed the case pending the outcome of the parties' arbitration. *See id.*

Plaintiffs appealed the Order. Notice of Appeal, ECF No. 41. Defendant moved to dismiss the appeal for lack of jurisdiction, arguing that, because I did not dismiss Plaintiffs' claims, my Order was an interlocutory Order for which 9 U.S.C. §16(b)(3) does not permit appellate review. *See* Dismissal Order, ECF No. 47. The Eleventh Circuit agreed and dismissed the appeal. *See id.*

Plaintiffs, in their Motion to Lift Stay argue that by staying the case, I deprived them of an opportunity to appeal the Order compelling arbitration. Mot. to Lift Stay 6. Defendant filed a Response in opposition, arguing that Plaintiffs' Motion is an attempt to further delay the arbitration. Resp. to Mot. to Lift Stay 2, ECF No. 49. Plaintiffs filed a Reply. Reply to Mot. to Lift Stay, ECF 50.

## II. LEGAL STANDARD

Pursuant to section 3 of the Federal Arbitration Act, if a district court is satisfied that an issue involved in the lawsuit is referable to arbitration, the court shall, on application of one of the parties, stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement. 9 U.S.C.A. § 3. However, when all of the issues in the matter are subject to arbitration, the district court has discretion to dismiss a case, as opposed to merely staying it. *Jackson v. Cintas Corp.*, 425 F.3d 1313, 1317 (11th Cir. 2005); *Senior Servs. of Palm Beach LLC v. ABCSP Inc.*, 12-80226-CIV, 2012 WL 2054971 (S.D. Fla. Jun. 7, 2012) (dismissing the case rather than staying it because all claims in the action were subject to arbitration); *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992) ("The weight of authority clearly supports dismissal of the case when *all* of the issues raised in the district court must be submitted to arbitration").

### III. ANALYSIS

The Federal Arbitration Act governs the appealability of orders disposing of requests to compel arbitration. Pursuant to section 16 of the Act, the parties may not appeal an interlocutory order compelling arbitration, but may appeal "a final decision with respect to an arbitration." 9 U.S.C. § 16(b)(3); 16(a)(3).

In this case, the Eleventh Circuit dismissed the Plaintiffs' appeal for lack of jurisdiction. Dismissal Order 2-3. The Eleventh Circuit found that my May 31, 2012 Order Granting Motion to Compel Arbitration, staying the proceedings pending the outcome of arbitration, and administratively closing the case was not final or immediately appealable. *See id*. (citing 9 U.S.C. §16(b)(1); 16(b)(3); and *Am. Exp. Fin. Advisors, Inc. v. Makarewicz*, 122 F.3d 936, 939 (11th Cir. 1997)). However, when an order directs that the dispute be resolved by arbitration and dismisses all claims, this order is a "final decision with respect to arbitration" within the meaning of §16(a)(3), and an appeal may be taken. *Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79, 86 (2000) (finding that an order compelling arbitration and dismissing the case disposed of the entire case on the merits and is a final decision and thus appealable pursuant to the Federal Arbitration Act).

Once I found that the dispute in this case was to be arbitrated, it was within my discretion to either stay the case or dismiss it. *See Jackson*, 425 F.3d at 1317; *Alford*, 975 F.2d 1161, 1164 (5th Cir. 1992) ("The weight of authority clearly supports dismissal of the case when *all* of the issues raised in the district court must be submitted to arbitration"). I also note that Defendant, who now opposes Plaintiffs' Motion to Lift the Stay, requested in its Motion to Compel Arbitration that the case be dismissed. Mot. to Compel Arbitration. Accordingly, in light of Plaintiffs' request that the case be appealable, I now exercise my discretion to lift the stay and dismiss the claims.

Plaintiffs argue that lifting the stay will promote the public interest because the law is unsettled on the issue of the public policy defense under article 2 the Federal Arbitration Act. *See*

4

*id.* I agree. The Eleventh Circuit acknowledged that "to the extent *Thomas* allowed the plaintiff seaman to prevail on a new public policy defense under Article II [of the Federal Arbitration Act], *Thomas* violates *Bautista* and our prior panel precedent rule." *Lindo v. NCL (Bahamas), Ltd.*, 652 F.3d 1257, 1278 (11th Cir. 2011).

Plaintiffs also argue that lifting the stay will preserve judicial resources. Mot. to Lift the Stay 8. While lifting the stay may not save judicial resources in this case, there is no doubt that it will not waste judicial resources either. Plaintiffs already have shown that they will appeal my Order Compelling Arbitration, either now, if the stay is lifted and the case is dismissed, or later, once the arbitral award is entered. *See id.* at 8.

Accordingly, I find that it is in the public interest to lift the stay and that the dismissal of this case is warranted.

### IV. CONCLUSION

For the foregoing reasons, it is **ORDERED and ADJUDGED** as follows:

1. Plaintiffs' Motion to Lift Stay or, Alternatively, to Certify for Interlocutory Appeal, ECF No. 48, is **GRANTED**.
2. The stay is **LIFTED**.
3. Plaintiff's claims are **DISMISSED with prejudice**.
4. The clerk shall **CLOSE** this case.
5. All pending motions, if any, are **DENIED** as moot.

**DONE and ORDERED** in chambers at Miami, Florida, this 24th day of May 2013.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*William C. Turnoff, U.S. Magistrate Judge*

*Counsel of record*