UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 11-21948-CIV-COOKE

KENNETH DOWNER, et., al.,
Plaintiffs,
v.

ROYAL CARIBBEAN CRUISES, LTD.
Defendant.
_____/

**NOTICE OF APPEAL WITHOUT PREPAYMENT OF COSTS**

Notice is hereby given that Kenneth Downer, et. al., Plaintiffs in the above named case, hereby appeal to the United States Court of Appeals for the Eleventh Circuit from the Order, ECF No. 40, entered on May 31, 2012. The final order resulted from the Court granting Defendant's Motion to Compel Arbitration, ECF No. 40, *See* Order on Motion to Dismiss and Compel Arbitration, attached hereto as Exhibit "1."

The district court's Order is now **final** and **appealable**.  *See* Order Granting Plaintiffs' Motion to Lift Stay or Alternatively, to Certify for Interlocutory Appeal, ECF No. 55, attached hereto as Exhibit "2."

For context and for the benefit of this Honorable Court, the Plaintiffs summarize the procedural history of this appeal as follows:

1. Initially, the district court compelled the case to arbitration and stayed the case pending the outcome of the parties' arbitration, ECF No. 40.

2. Plaintiff filed a Notice of Appeal, ECF No. 41.

3. Defendant moved to dismiss the appeal for lack of jurisdiction, arguing that, because the district court did not dismiss the Plaintiffs' claims, but rather "stayed the case," the district court's order was an interlocutory Order for which 9 U.S.C. §16(b)(3) does not permit appellate review.

4. After the case was fully briefed,[1] the Eleventh Circuit Granted the Defendant's motion and dismissed the appeal. *See* Dismissal Order, ECF No. 47.

---

[1] The Plaintiffs filed an Initial Brief, Defendant a Response Brief, and the Plaintiffs a Reply Brief.

1

5.     As a result, on October 22, 2012, the Plaintiffs filed a Motion with the district court "To Lift Stay to Allow Appellate Review And/or Alternatively to Certify Matter for Interlocutory Appeal." ECF No. 48.

6.     On May 24, 2013, the district court entered an Order Granting the Plaintiffs' Motion to Lift Stay or, Alternatively, to Certify for Interlocutory Appeal. ECF No. 55, and Exhibit "2" attached herein.

7.     In the May 24, 2013 Order, the district court specifically lifted the stay, dismissed the claims with prejudice and closed the case. *See* ECF No. 55: "Accordingly, in light of Plaintiffs' request that the case be appealable, I now exercise my discretion to lift the stay and dismiss the claims." Id., at pg. 4, *citing Green Tree Fin. Corp.-Alabama v. Randolph,* 531 U.S. 79, 86 (2000) (finding that an order compelling arbitration and dismissing the case disposed of the entire case on the merits and is a final decision and thus appealable pursuant to the Federal Arbitration Act).

Therefore, the district court's order compelling arbitration, ECF No. 40, is now **final** and **appealable**, pursuant to 9 U.S.C. §16 (a)(3). Pursuant to section 16 of the Federal Arbitration Act, any party may appeal a "final decision with respect to arbitration." ECF 55, pg. 4.[2]

8.     Plaintiffs in the above named case, **file the instant appeal without prepayment of costs** in accord with 28 USCS § 1916, which expressly states: 28 USCS § 1916, Seamen's suit, "[i]n all courts of the United States, seamen may institute and prosecute suits and appeals in their own names and for their own benefit for wages or salvage or the enforcement of laws enacted for their health or safety without prepaying fees or costs or furnishing security therefor."

9.     Plaintiffs also respectfully request for *en banc* review.

---

[2] Alternatively, in the May 24, 2013 Order, the district court *also* granted the Plaintiffs request to certify this matter for interlocutory appeal. ECF No. 55. Therefore, the district court's order compelling the case to arbitration is also appealable pursuant to 28 U.S.C. §1292 (b).

Section 1292 (b) provides:
> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a question of law as to which there is substantial ground for difference of opinion and that immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion permit an appeal to be taken from such order, if application is made to it within ten days after entry of the order …

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY**, that on May 28, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record pro se parties identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

 LIPCON, MARGULIES,
ALSINA & WINKLEMAN P.A.
Attorneys for Plaintiff
One Biscayne Tower, Suite 1776
2 South Biscayne Boulevard
Miami, Florida  33131
Telephone:  (305)  373-3016
E-mail: cllinas@lipcon.com

By:  /s/ *Carlos Felipe Llinás Negret*_____
    CARLOS FELIPE LLINAS NEGRET
    FL BAR NO. 73545