# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303



John Ley
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

February 20, 2014

Steven M. Larimore
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

Appeal Number: 13-12391-BB
Case Style: Kenneth Downer, et al v. Royal Caribbean Cruises, Ltd.
District Court Docket No: 1:11-cv-21948-MGC

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being forwarded to counsel and pro se parties. A copy of the court's decision was previously forwarded to counsel and pro se parties on the date it was issued.

The enclosed copy of the judgment is hereby issued as mandate of the court. The court's opinion was previously provided on the date of issuance.

Sincerely,

JOHN LEY, Clerk of Court

Reply to: Regina A. Veals-Gillis
Phone #: (404) 335-6163

Enclosure(s)

MDT-1 Letter Issuing Mandate

UNITED STATES COURT OF APPEALS
For the Eleventh Circuit

_____

No. 13-12391
_____

District Court Docket No.
1:11-cv-21948-MGC

NORRIS ANTHONY BROWN,

                            Plaintiff,

KENNETH DOWNER,
RICHARD GRAHAM YOUNG,
ROAN DRUMOND SCOTT,
CLIFF FITZ PATRICK,
AUZZIE DUANE DABRELL,
FITZROY LLOYD JOHNSON,
STANLEY ARMANDO MULLINGS,
GREGORY HUGHES,

                            Plaintiffs - Appellants,

versus

ROYAL CARIBBEAN CRUISES, LTD.,

                            Defendant - Appellee.

_____

Appeal from the United States District Court for the
Southern District of Florida
_____

JUDGMENT

It is hereby ordered, adjudged, and decreed that the opinion issued on this date in this appeal is entered as the judgment of this Court.

Entered: November 18, 2013
For the Court: John Ley, Clerk of Court
By: Jeff R. Patch

ISSUED AS MANDATE:  02/20/2014

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-12391
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cv-21948-MGC

NORRIS ANTHONY BROWN,

                            Plaintiff,

KENNETH DOWNER,
RICHARD GRAHAM YOUNG,
ROAN DRUMOND SCOTT,
CLIFF FITZ PATRICK,
AUZZIE DUANE DABRELL,
FITZROY LLOYD JOHNSON,
STANLEY ARMANDO MULLINGS,
GREGORY HUGHES,

                            Plaintiffs - Appellants,

versus

ROYAL CARIBBEAN CRUISES, LTD.,

                            Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(November 18, 2013)

Before WILSON, ANDERSON, and DUBINA, Circuit Judges.

PER CURIAM:

Appellants are eight individuals who work or worked as stateroom attendants ("Attendants") aboard cruise ships operated by Appellee Royal Caribbean Cruises, Ltd. In this putative class action, the Attendants allege Royal Caribbean unlawfully withheld or delayed paying wages in violation of the Seamen Wage Act, 46 U.S.C. § 10313 ("Wage Act"). When Royal Caribbean sought to enforce the mandatory arbitration provisions in the employment and collective bargaining agreements between the Attendants and Royal Caribbean, the Attendants raised an affirmative defense: They argued that because the arbitration provisions required the application of Norwegian law to any dispute between the Attendants and Royal Caribbean, they were contrary to public policy.

The district court found that the United Nations Convention on Recognition and Enforcement of Foreign Arbitral Awards ("the Convention") and its implementing legislation required enforcement of the agreement to arbitrate. See 9 U.S.C. §§ 201–208 (mandating enforcement of the Convention and incorporating

2

its provisions into federal law). The Attendants attempted to appeal, but this court dismissed their appeal for lack of jurisdiction, as the district court had not dismissed the Attendants' claims. Brown v. Royal Caribbean Cruises, Ltd., No. 12-13001-DD (11th Cir. Oct. 10, 2012) (per curiam). The Attendants then asked the district court to dismiss their claims so they could seek appellate review of the district court's order compelling arbitration. The district court obliged, and this appeal followed.

I.

When reviewing a district court's order to compel arbitration, we review questions of law de novo but accept findings of fact that are not clearly erroneous. First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 947–48, 115 S. Ct. 1920, 1926 (1995); Bautista v. Star Cruises, 396 F.3d 1286, 1294 (11th Cir. 2005). A district court must compel arbitration pursuant to an international commercial arbitration agreement so long as the jurisdictional prerequisites under the Convention are met and no affirmative defense applies. Bautista, 396 F.3d at 1294 n.7 (listing four jurisdictional prerequisites).

II.

First, we conclude that the district court's determination that the Attendants admitted to the existence of a written arbitration agreement, establishing the only questionable jurisdictional prerequisite, was not a clear error. In Count I of their

3

complaint, the Attendants seek a declaratory judgment that the arbitration provisions of the agreements were unenforceable.  That request presupposed both that the arbitration agreements existed and that they bound the Attendants.  While parties may not stipulate to federal jurisdiction, Travaglio v. American Express Co., – F.3d —, 2013 WL 4406389, at *3 (11th Cir. 2013), they can admit facts establishing jurisdictional elements.  In re CP Ships Ltd. Sec. Litig., 578 F.3d 1306, 1311 (11th Cir. 2009), abrogated on other grounds by Morrison v. Nat'l Australian Bank Ltd., – U.S. —, 130 S. Ct. 2869, 2877 (2010).  The district court found that the Attendants' factual allegations established the existence of a written agreement binding the Attendants, and that finding was not clearly erroneous.  See Cooper v. Meridian Yachts, Ltd., 575 F.3d 1151, 1178 ("[F]acts judicially admitted are facts established not only beyond the need of evidence to prove them, but beyond the power of evidence to controvert them." (internal quotation marks omitted)).

Second, the Attendants may not raise their affirmative defense at this stage.  A party opposing arbitration pursuant to an international commercial agreement may not seek to avoid arbitration on the basis that it is contrary to public policy.  Lindo v. NCL (Bahamas) Ltd., 652 F.3d 1257, 1276 (11th Cir. 2011).  At the arbitration-enforcement stage, parties may raise certain "standard breach-of-contract defenses" that "can be applied neutrally on an international scale."

4

Bautista, 396 F.3d at 1302 (internal quotation marks omitted). These include "fraud, mistake, duress, and waiver," id., but not public policy defenses, which "by definition cannot be applied neutrally on an international scale." Lindo, 652 F.3d at 1276.

### III.

The Attendants' attempt to invoke Thomas v. Carnival Corp., 573 F.3d 1113 (11th Cir. 2009), to support their public policy argument is unavailing. There, a panel of this court held that an arbitration provision requiring application of foreign law constituted a waiver of seafarers' rights under the Wage Act and was therefore unenforceable as contrary to public policy. Id. at 1124. But in Lindo, the majority made clear that Thomas's expansion of defenses available against enforcement of an international arbitration agreement violated the terms of the Convention and the holding of Bautista, an earlier precedent. Lindo, 652 F.3d at 1278. The public policy argument is appropriate only at the arbitration-enforcement stage. Id. at 1263. Thomas, therefore, violated the prior panel precedent rule. Id. at 1278; see also United States v. Smith, 122 F.3d 1355, 1359 (11th Cir. 1997) (setting out prior panel precedent rule, whereby earlier panel holdings bind this court "unless and until they are overruled en banc or by the Supreme Court"). This court has since confirmed Lindo's holding multiple times. E.g., Quiroz v. MSC Mediterranean Shipping Co. S.A., – F. App'x —, 2013 WL

5

3185470, at *6 (11th Cir. 2013); Arauz v. Carnival Corp., 466 F. App'x 815, 816–17 (11th Cir. 2012); Fernandes v. Carnival Corp., 484 F. App'x 361, 362 (11th Cir. 2012); Henriquez v. NCL (Bahamas), Ltd., 440 F. App'x 714, 716 (11th Cir. 2011); Maxwell v. NCL (Bahamas), Ltd., 454 F. App'x 709, 710 (11th Cir. 2011). To the extent the Attendants ask us to undermine it, we decline the invitation and affirm the district court's order.

**AFFIRMED.**